**FILED**

**NOV -3 2016**

**Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia**

UNITED STATES DISTRICT AND
BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA


GREGORY WILLIAMS, AKA
TYRONE GRAY
REG. NO. 35958-007
FCC PETERSBURG
POST OFFICE BOX 1000
PETERSBURG VA 23804
            Plaintiff,

v.

LORETTA E. LYNCH,
UNITED STATES ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
950 PEMMSYLVANIA AVENUE N.W.
WASHINGTON, D.C. 20530
            Respondent.

**Case: 1:16-cv-02195  (G Deck)
Assigned To : Mehta, Amit P.
Assign. Date : 11/3/2016
Description: Habeas Corpus/2241**

_____

A PETITION FOR A WRIT OF HABEAS CORPUS

COMES NOW, The Petitioner, Gregory Williams, aka Tyrone Gray, act-

ing pro se., respectfully moves this Court pursuant to Title 28 U.S.C.

2241, for a petition for a writ of habeas corpus.

JURISDICTION

1. The Petitioner, invokes this Court's personal jurisdiction where

the Petitioner's custodian be outside of the territory of the district

court, and not just the immediate custodians.  See Abu Ali v. Ashcroft,

350 F. Supp 2d 28, 44 (D.C. 2004); See also Ghereb v. Bush, 338 F. Supp.

2d 91, 95 (D.C. 2004).  The threshold question has been resolved by

waiver of any--OBJECTION TO LACK OF PERSONAL JURISDICTION.  See also

Crawford v. Jackson, 323 F. 3d. 123 (D.C. Cir.).  Section 2241 (a).

-1-

**RECEIVED**

**NOV - 3 2016**

**Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia**

of the federal habeas corpus statute allows the Supreme Court,
any justice thereof,the district court or any Circuit judge to
grant writs of habeas corpus within their respective jurisdiction.


## PARTIES

2.   The Petitioner,Gregory Williams aka Tyrine Gray,is a prisoner
presently incarcerated at the Federal United States Penitentiary
of the Bureau of Prisons; located  at Post Office Box 3000,Pine
Knot,Ky,42635.

3.   The respondent,Loretta E.Lynch,is the United States Attorney
of the United States Department of Justice.   Located at 950 Penn-
sylvania,Ave,N.W.,Washington,D.C.20439.


## STATEMENT OF THE CASE

4.   On May 3,1982,the petitioner was removed from the jurisdiction
of Maryland to the District of Columbia and charged with a criminal
offense.   While the petitioner in the District of Columbia on May
4,1982,the petitioner was taken before a lineup.   Thereafter,a
Preliminary Hearing was held on July 16,1982,according in direct
contravention of SCR-5(d).   Thereafter,the petitioner was taken
back to the jurisdiction of Maryland.   On August 11,1982,a grand
jury of the District of Columbia returned an indictment against
the petitioner on numerous counts of robbery and assault with
intent to robb while armed.   On August 25,the petitioner was arrainged.
On June 8,1983,the petitioner entered a guilty plea to four counts
in the indictment.   On July 26,1983,the petitioner was sentenced to
15 years to life and 5 years to 15 years consecutive.   No notice
of appeal taken on the petitioner behalf.

## REASONS FOR GRANTING THE WRIT

The petitioner was unlawful removed in violation of the petitioner Fourth and Fifth Amendment Constitutional rights.  According to the law of the United States Fed.R.Crim.P.40(a),specifies,in part,that a person arrested outside the district in which the offense is alleged to have occurred shall be taken without unnecessary delay before the nearest available magistrate judge,in accordance with the provisions of Fed.R.Crim.P.5.  Preliminary proceedings concerning a defendant shall be conducted in accordance with Fed.R.Crim.P.and 5.1,except that if no preliminary examination is held because a defendant elects to have the preliminary examination conducted in the district in which the prosecution is pending,the defendant shall be held to answer upon a finding that the person named in an indictment, information,or warrant. Fed.R.Crim.P.5(a),mandates that an arresting officer shall take an arrested person without unnecessary delay before the nearest available federal magistrate judge.  Fed.R.Crim. P.(c),provides that a defendant is entitled to a preliminary ex- amination,unless waived,when charged with any offense,other than a petty offense.  Under Fed.R.Crim.P.5.1(a),a probable cause finding must be made,if a preliminary examination takes place,to ascertain whether there is probable cause to believe that an offens has been committed and that the defendant committed it.

Fed. R.Crim.P.40(a),and 5.1(a),require that,at the time of arrest, a person who is outside the District of Columbia but who is arrested on a warrant alleging a violation of the District of Columbia Code be taken without unnecessary delay to a federal magistrate for a preliminary examination to determine whether there is probable cause to believe that an offense has been committed and that the defend- ant committed it.  A probable cause hearing centers;(a) Whether an offense has been committed; (b) whether the defendant committed

-3-

it.   Fed.R.Crim.P.5.1(a).

The petitioner asserts that on or about May 3,1982,the petitioner

was unlawfully removed from Upper Marlboro jail,under the color

of law,arrested and transported to the District of Columbia by

officials with an illegal instrument court order.   The petitioner

 was transported to the District of Columbia,and charged with a

crime in that jurisdiction.   Petitioner was never taken before

a Maryland Magistrate judge prior to the transport to the District

of Columbia.   The respondent had violated the petitioner Fourth

Amendment by unlawful removing the petitioner.   Inaccord with

the petitioner Fourth Amendment right the respondent has also

violated the petitioner rights pursuant the jurisdiction of Mary-

land and the District of Columbia,pursuant to 23-563,Rule 5-1,

Rules of C riminal Procedure.   See United States v.Washington,

125 WLR 1053(Super.Ct.1997).   The petitioner challenging the

unlawful removal is not necessarily mooted.   See Carafas v.LaValee,

391 U.S.234(1968).   See Demjanjuk v. Petrovsky,10 F.3d 338,355-36

(6th Cir.1993)(relying on habeas corpus caselaw on mootness,court

rules that Demjanjuks acquittal and release in Israel did not

moot claim of unlawful extradition because of collateral conseq-

uence).   In the petitioner case the petitioner was removal from

the jurisdiction of Maryland for a police lineup. The respondent

failed to follow compliance under the law to remove the petitioner

to one State to another.   Under a extradition rulings are not

directly appealable;one may challenge an extradition ruling by

filing a petition for a writ of habeas corpus; (1) Extradition

court had jurisdiction over proceedings and fugitive,(2) offense

charged is within valid and enforceable extradition treaty,and

(3) some evidence warrants finding of reasonable belief that

caused; is guilty.   See Demjanjuk v.Messe,784 F.2d 1114(D.C.Cir.

-4-

1989).  The petitioner gravamen argument not based upon extra-
dition,but the petitioner illegal removal not inaccord with the
law,where the petitioner meet the availability of habeas corpus
relief.  The respondent violated the removal procedural as in a
extradition hearing proceedings hearing violates the petitioner
Fifth Amendment Constitutional rights.  The law between the District
of Columbia and the jurisdiction of Maryland affording the petitioner
full review for his removal from the jurisdiction of Maryland.  Such
violation are appropriately viewed as seizures within the meaning of
the Fourth Amendment.  The collateral consequence in this case where
the petitioner was illegal removed not inaccord with the law to be
present before a lineup proceeding.  Thereafter,the petitioner ill-
egally returned back to the District of Columbia where he pleaded
guilty.  This court should not find the petitioner claim as mootness
because in the petitioner case is not a misdemeanor case,but a
serious felony in which brought about a substantial amount of period
of incarceration do to the respondent illegal removal.  As the law
state where a petitioner in custody where; (1) petition filed by
prisoner serving time in one State challenged constititutionality
of judicial proceedings against him in another State,(2) second
demanding State had filed detainer with warden of the prisom in-
carcerating State,thereby making warden of incarcerating State
agent of demanding State).  See Braden v.30thJudicial Cir.Ct.410
U.S.484,489n.4(1973).  There was no detainer lodged against this
petitioner where a warden lawfully lifted and placed the petitioner
in custody of the receiving State.  See Whittlesey v.Circuit Ct.,
897 F.2d 143,147-48 (4th Cir.),petition should be adjudicated even
though prisoner escaped from prison cannot be in custody petitioner
is now in prison in another State for other crime and subject to
detainer for conviction he seeks to challenge.  The petitioner has

not the opportunity to challenge the illegal removal of the respondent arbitrary action,and that has a continue collateral consequence. A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent. The respondent had failed to take these appropriate steps inaccord with removal procedure and the petitioner rights to due process of the law. The respondent affect the petitioner ability to challenge the removal,or demonstrates an adverse consequences of the receiving State. To invoke habeas corpus review the petitioner must satify two jurisdictional requirements (1) That he is in custody pursuant to State judgment,and (2),the substance requirement that the petition challenge the legality of the custody on the grounds that it is in violation of the Constitution or laws,or treaties of the United States.

The predicates on the factual basic of the petitioner claims satisfy this court to issue the writ to challenge the illegal removal where the petitioner claims are congnizable under 2241. The interpreted of the substantive law governing the petition is clear as prescribed that the respondent must follow. The petitioner claims are cognizable under 2241,that goes to the fundamental legality of the petitioner illegal removal. The essential function of habeas corpus is to give a prisoner a reasonable opportunity to obtain a reasonable reliable determination of the removal. The petitioner has been prevented from having a procedural opportunity at the time of his removal when the respondent had arbitrarily removed the petitioner to one State to another. Whereas,in the petitioner petition a rare exception prevented the petitioner from an unobstructed procedural shot at challenging the illegal removal. The Due Process

-6-

Clause of the Fifth Amendment requires that the petitioner have unobstructed procedural to challenge his claims herein, the petitioner petition present a procedural opportunity existed. The Suspension Clause, requires that the petitioner claims be decided on the merits, and not barred procedurally where a serious constitutional question arise denied the petitioner the opportunity for relief.

This court have jurisdiction over the petitioner writ, where the respondent have personal jurisdiction over the petitioner. See Guerra v.Messe, 786 F.2d 414,413 (D.C.Cir.1986). Under the the petitioner extraordinary circumstances where the respondent had arbitrary manipulated jurisdiction over the petitioner, and where the petitioner has marshaled the facts by showing that the respondent had acted in bad faith.

## CONCLUSION

WHEREFORE, the petitioner prays that this Court take the appropriate by granting the petitioner writ of habeas corpus, and demand that the respondent show cause in the interest of justice.

Respectfully Submitted

Gregory Williams, aka
Tyrone Gray
Reg. No. 35958-007
FCC Petersburg
Post Office Box 1000
Petersburg VA 23804-1000

## CERTIFICATE OF SERVICE

I, HEREBY STATES THAT THE FOLLOWING Petition for a Writ of Habeas
Corpus, was mailed to the United States District And Bankruptcy
Court for the District if Columbia, Clerk's Office. On this 3 _,day
of October, 2016.